UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| URSZULA A PIERGALSKI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CATTLE DRIVE XPRESS, LLC, et al.,<br><br>Defendants. | CASE NO. 3:25-CV-730-DRL-SJF |

# OPINION AND ORDER

Before the Court is the Motion to Compel Discovery Responses, filed by defendants Two-Bit Acres, Inc. and Timothy Lammers (collectively "Two-Bit"). [DE 35]. Two-Bit seeks to compel responses from codefendant Cattle Drive Xpress, LLC ("Cattle Drive"). For the reasons below, Two-Bit's Motion is **DENIED**.

## I. Background

This discovery dispute involves Two-Bit's duty to confer and the sufficiency of serving discovery. On May 16, 2026, Two-Bit emailed discovery requests to Cattle Drive, which included document requests, interrogatories, and requests for admission. [DE 36-1 at 16; DE 36 at 1].[1] Cattle Drive's responses would have been due on June 15, 2026. Fed. R. Civ. P. 34(b)(2)(A); Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 36(a)(3). When

[1] It appears that Two-Bit first sent the requests to incorrect email addresses on May 14, 2026. [DE 39 at 1]. Cattle Drive agrees, however, that by May 15, Two-Bit sent the discovery requests to the correct email addresses. [DE 39 at 2]. The Court uses May 16 as the operative date, which was stated by the movant.

responses were not served by June 15, Two-Bit claims it emailed Cattle Drive on June 9, June 25, and July 14, 2026, regarding the overdue requests. [DE 36 at 1].

On June 9, Two-Bit's counsel sent an email stating, "I am again following up on our tender of defense to Cattle Drive as well as our discovery requests." [DE 39-3 at 2]. That email contained a subject line containing "Rule 26(f) Planning Report." [*Id.*]. The June 9 email does not mention specific discovery requests or any other details surrounding them. [*See id.*]. The June 9 email was also sent before the response deadline.

The emails from June 25 show that plaintiffs—not Two-Bit—were the parties that sent an email regarding overdue discovery requests. [DE 39-4 at 2–3]. It appears that plaintiffs were also owed discovery responses by June 15, 2026, and thus contacted defendants Two-Bit and Cattle Drive. [*Id.*]. Two-Bit's response to plaintiffs, which carbon-copied Cattle Drive's counsel, did not mention their own discovery requests or discuss conferring about them with Cattle Drive. [*See id.*]. The July 14 exchange is similar. While responding to plaintiffs' attempt to name a mediator, Two-Bit took the opportunity to argue the defendants' indemnification dispute, [*see, e.g.*, DE 37], and asserted that Two-Bit's discovery requests had already been deemed admitted because Cattle Drive's responses were overdue. [DE 39-5 at 4]. The July 14 email did not request Cattle Drive to respond to the requests, nor did it attempt to arrange a conference about the issues. [*Id.*]. Two-Bit offered no further evidence to support its Rule 37 certificate. [*See* DE 40; DE 34].

The defendants now also dispute whether discovery was served and thus whether responses were due. Cattle Drive did not consent to discovery service by email. [DE 39 at 4; DE 40 at 1–2]. Cattle Drive's communications are relevant to this aspect. Two-Bit's email on July 14 only mentioned the requests for admission specifically. [DE 39-5 at 4]. After Two-Bit mentioned the admission requests in the July 14 email exchange, Cattle Drive acknowledged they were overdue, but stated they had only become aware of them that same day. [DE 39-5 at 3]. Cattle Drive stated the requests for admission, which were sent by email, had not been entered into counsel's calendar, but promised to serve responses within three days. [*Id.*]. On July 23, 2026, Cattle Drive served responses to the admission requests, and Two-Bit responded by saying they "have already been deemed [admitted] by virtue of federal law." [DE 39-6].

Two-Bit's motion seeks to compel responses to interrogatories, document requests, and insurer information. [DE 35]. Two-Bit's motion does not ask the Court to address the requests for admission. [*Id.*].

## II. Discussion

Two-Bit's motion to compel is denied because: (a) Two-Bit did not adequately meet and confer with Cattle Drive regarding its discovery requests; and (b) Two-Bit did not properly serve Cattle Drive with the discovery requests.

### a. Meet and Confer

A party may move to compel discovery disclosures under Federal Rule of Civil Procedure 37(a). The party moving to compel discovery has the burden of proving that responses are required. *C.f.* *Whitlow v. Martin*, 259 F.R.D. 349, 356 (C.D. Ill. 2009); *see also*

*Daiflon, Inc. v. Allied Chem. Corp.*, 534 F.2d 221, 227 (10th Cir. 1967). Before a motion to compel may be filed, the parties must attempt to resolve disputes among themselves. So a motion to compel must certify that the movant has conferred in good faith with the other party before seeking court action. Fed. R. Civ. P. 37(a)(1). This Court requires a Rule 37 certificate to include the "date, time, and place of any conference or attempted conference." N.D. Ind. L.R. 37-1(a)(1). The Court may deny a motion to compel for an inadequate certificate. *See id.* 37-1(b); *see Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1059 (7th Cir. 2000).

The conference requirement is not merely a formality. To satisfy this requirement, the parties must have "a true-back-and-forth dialogue." *Vukadinovich v. Hanover Cmty. Sch. Corp.*, No. 2:13-CV-144-PPS-PRC, 2014 WL 667830, at *3 (N.D. Ind. Feb. 20, 2014). Therefore, Two-Bit, as the party moving to compel discovery, must show that they "engage[d] in two-way communication . . . to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *Id.* (internal quotation omitted). Informal resolution plays an important part in the mandate to achieve a "just, speedy, and inexpensive resolution" of an action. Fed. R. Civ. P. 1.

Two-Bit failed to meet and confer. First, Two-Bit's use of the June 9 email as an attempted conference is misplaced. As of June 9, Cattle Drive had six more days to respond to the requests. Thus, Cattle Drive could not have "fail[ed] to make disclosure or discovery" for purposes of a Rule 37 certification. Fed. R. Civ. P. 37(a).

Just as the June 9 email was a deficient conference, all three emails together failed to meet the Rule 37 standard. Even if the June 9 email was sent after the response deadline, that email was sent under an unrelated subject heading and primarily discussed the tender of a defense. Likewise, Two-Bit's June 25 email does not even mention its own discovery requests. To be sure, the July 14 email does specifically mention the requests for admission, but those are not the subject of this motion, The July 14 email vaguely mentions other "issued discovery," but does not specifically identify the document requests or the interrogatories. Additionally, Two-Bit did not ask Cattle Drive to give belated responses to any of the requests, nor did Two-Bit request to meet in-person or over a telephone call to resolve the issues. A discovery conference should attempt to resolve each specific issue, not briefly allude to them and move on. The July 14 email appears to primarily focus on the indemnification dispute, and cannot be considered a discovery conference.

Generally, email messages may be sufficient for a Rule 37 conference, but not here. Two-Bit's message was directed at plaintiffs and did not create an opportunity for back-and-forth dialogue with respect to the document requests and interrogatories. Local Rule 37-1(a)'s requirement that a certificate include a date, time, and place helps prevent these types of cursory certifications. Had Two-Bit arranged a discrete meeting, with the express purpose of resolving the document requests and interrogatories, this motion may have been avoided. For example, Cattle Drive's prompt response to the theoretically overdue requests for admission evidences its willingness to resolve

matters without court intervention. Ultimately, Two-Bit failed to confer about the document requests and the interrogatories, which alone is a basis to deny its motion.

**b. Discovery Service**

Interrogatories and document requests must be served under Rule 5(b). Fed. R. Civ. P. 33(a)(1); Fed. R. Civ. P. 34(a); Fed. R. Civ. P. 5(a)(1)(C). Discovery may be served by several methods, Fed. R. Civ. P. 5(b)(2)(A)-(D), but discovery may only be served by electronic means, however, when the receiving party consents in writing. Fed. R. Civ. P. (5)(b)(2)(E). Even recently, this Court has stated that "past practice between the parties does not undermine" Rule 5(b)'s requirement that consent be in writing. *Stevens v. Marion Gen. Hosp., Inc.*, No. 1:23-cv-323-CCB-SLC, 2024 WL 4182298, at *2 (N.D. Ind. Sep. 13, 2024).

Two-Bit does not dispute that email service was defective under Rule 5. [*See* DE 40]. Two-Bit instead argues that Cattle Drive's failure to object to email service waives any reliance on Rule 5. The Court cannot agree. First, nothing Two-Bit filed suggests that Cattle Drive actually noticed the emailed discovery requests, especially considering the fact that Cattle Drive only noticed the admission requests during the July 14 email exchange. Even so, Rule 5 does not require a party who receives defective service to object, and Two-Bit cites no case suggesting otherwise. *C.f. Dunmars v. Chicago*, 22 F. Supp. 2d 777, 783 (N.D. Ill. 1998) ("[n]otice of the proceedings, however, does not cure defective service"); *see also Robinson Eng'g Co. Pension Plan and Tr. v. George*, 223 F.3d 445, 453–54 (7th Cir. 2000) (citing cases explaining that a motion objecting to service does not waive defects).

Cattle Drive's counsel did explain to Two-Bit that the admission requests were overdue because they were not entered into their calendar. That reactionary statement, however, is not enough to waive a defective service objection. Cattle Drive's reaction suggests surprise. It does not indicate an acknowledgment that the requests had been adequately served and neglected. As discussed above, this was the first time Two-Bit mentioned the outstanding requests with any particularity. Relating to the certification issue, if Two-Bit had properly conferred with Cattle Drive regarding the requests, the service issues could have been resolved and negotiated without court intervention. As it stands, Two-Bit did not properly serve Cattle Drive and thus was not obligated to respond by the June 15 deadline.

## III. CONCLUSION

For the reasons discussed, Two-Bit's Motion to Compel is **DENIED**. [DE 35].

**SO ORDERED** this 29th day of October 2026.

s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge